*NOT FOR PUBLICATION*

**FILED**

**SEP 25 2014**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

TJOF

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                              Case No. 12-10802-A-7

Terence Edward Moore,

         Debtor.
_____/

Timothy E. Moore, individually                     Adv. No. 12-01135-A
and as trustee of the Edward C. Moore
and Marie Moore Family Trust dated
November 12, 1992,

         Plaintiff,

   vs.

Terence Edward Moore,

         Defendant.
_____/

**MEMORANDUM DECISION**

If a defendant in an adversary proceeding brings an untimely motion to amend a final judgment under Rule 59(e), must the court nevertheless reconsider whether it made judicial errors under Rule 60(b)(1) within a reasonable time not to exceed one year? The answer is no.

## FACTS

Timothy E. Moore ("Timothy") and Terence E. Moore ("Terence") are the sons of Edward Moore ("Edward"). Edward established an inter vivos trust for his children. Upon Edward's death, Terence became the trustee. Five years after Edward's death, a state court removed Terence as trustee. Timothy was named successor trustee.

Terence filed a Chapter 7 bankruptcy, and Timothy, individually and as trustee, brought an adversary proceeding against Terence under 11 U.S.C. § 523(a)(4), claiming that Terence's debts as a result of Terence's bad acts during his tenure as the trustee were nondischargeable. After a trial on these claims, the court issued a memorandum decision and rendered a nondischargeable judgment in favor of Timothy and against Terence in the amount of $27,639.78.

Twenty seven days after entry of the judgment, Terence filed a Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e). The motion argues that the Memorandum Decision contains errors in law and fact that are carried forward into the judgment so that amendment of the judgment is warranted.

## DISCUSSION

### I. Terence's motion is untimely under Rule 59(e)

Absent an appeal, a Rule 59(e) motion is the proper procedure to request an alteration or amendment of a judgment or order based on grounds of judicial error of law or fact. *See Turner v. Burlington N.*

*Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). Rule 59(e) motions must be filed no later than 14 days after entry of judgment. *See* Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59 but shortening the time from 28 days to 14 days for filing motions to alter or amend a judgment).

Terence's motion was filed 27 days after the court's entry of the judgment against him. His motion under Rule 59(e) is therefore untimely.

## II. Terence's motion is untimely under Rule 60(b)(1)

An untimely motion under Rule 59(e) should be deemed as a motion under Rule 60(b). *Mount Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1462-63 n.35 (9th Cir. 1992). Rule 60(b)(1) affords parties relief occasioned by mistake. Fed. R. Civ. P. 60(b)(1). Such mistakes include the court's substantive errors of law or fact. *See Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004) ("The district court has discretion to correct a judgment for mistake or inadvertence, either on the part of counsel or the court itself." (citation omitted)); *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 126 F. App'x 793, 794 (9th Cir. 2005) (unpublished decision) ("The 'mistakes' of judges may be remedied under [Rule 60(b)(1)], which also encompasses mistakes in the application of the law.").

Ordinarily, a motion brought under Rule 60(b)(1) must be brought within a reasonable time not to exceed one year after the entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1), *incorporated by* Fed. R. Bankr. P. 9024. Notwithstanding this time limitation, Rule 60(b)(1) motions arising from the court's errors must be made prior to the expiration of time to file an appeal. *Gila River Ranch, Inc. v.*

3

*United States*, 368 F.2d 354, 357 (9th Cir. 1966); *Phonometrics, Inc.*, 126 F. App'x at 794; *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 578 (10th Cir. 1996). A different rule would mean that Rule 60(b) motions would operate as untimely appeals. *Morris v. Adams-Millis Corp.*, 758 F.2d 1352, 1358 (10th Cir. 1985).

Appeals from adversary proceedings in bankruptcy cases must be filed not later than 14 days after entry of the judgment or order from which an appeal is taken. Fed. R. Bankr. P. 8002(a). Here, the motion was filed 27 days after entry of the judgment. Considered under Rule 60(b)(1), the motion will be denied as untimely.

**CONCLUSION**

The court denies the motion as untimely and does not address the merits of the motion or reconsider the judgment on substantive grounds. The court will issue a separate order.

Dated: September 25, 2014

Fredrick E. Clement
United States Bankruptcy Judge

4

**Instructions to Clerk of Court**

**Service List**

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked ____, via the U.S. mail.

Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in the case), and ___X_____ Other Persons Specified Below:

Randolph Krbechek, Esq.
9477 N. Fort Washington Road, #104
Fresno, CA 93730

Terence Edward Moore
1571 W. Fir Ave.
Fresno, CA 93711

Office of the United States Trustee
2500 Tulare Street
Suite 1401
Fresno, California 93721